IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALISA M. WHITE**                                                                                   **PLAINTIFF**

**v.**                                **CASE NO. 4:25-CV-00702-BSM**

**BOARD OF TRUSTEES OF**
**THE UNIVERSITY OF ARKANSAS,** *et al.*                            **DEFENDANTS**

### ORDER

Defendants' motion to dismiss [Doc. No. 15] is granted in part and denied in part on Alisa White's interference claim and granted on White's request for emotional distress and punitive damages under the Family and Medical Leave Act (FMLA). The motion is denied on White's discrimination and retaliation claims under the FMLA; the discrimination, retaliation, and hostile work environment claims under the Americans with Disabilities Act (ADA); the Arkansas Civil Rights Act (ACRA) claims; and her request for injunctive relief. Finally, White's FMLA interference claim against Dawn Reed is dismissed without prejudice.

### I. BACKGROUND

Viewing the record in the light most favorable to Alisa White, the non-moving party, the facts are as follows.

White was an early Childhood Education Instructor at the University of Arkansas at Monticello until she resigned because she believed the University's Vice Chancellor, Tracy Tucker, and her assistant, Dawn Reed, discriminated and retaliated against her. Compl. ¶¶ 9 and 34, Doc. No. 1. White suffers from rheumatoid arthritis, venous insufficiency, plantar

faciitis, and neuropathy, which she believes are qualifying disabilities under the ADA and serious health conditions under the FMLA. *Id.* ¶ 9.

White alleges that after requesting FMLA leave and receiving workplace accommodations for her disabilities, Tucker, Reed, and the University's administration ("defendants") (1) mocked her; (2) sent her passive aggressive emails; (3) discouraged her from taking FMLA leave; (4) planned to deny her FMLA leave; (5) exhibited animus toward her because she requested FMLA leave; (6) falsely claimed she was a low-performing employee; (7) denied her permission to engage in outside employment; (8) revoked her permission to attend conferences; (9) removed her accommodations to work non-consecutive in-person classes; (10) required her to meet with Tucker despite her complaints; (11) revoked an offer to meet with a vice chancellor other than Tucker; (12) changed her benefits and job duties; (13) failed to restore her to her previous position with the same conditions and benefits; and (14) constructively discharged her. *Id.* ¶¶ 10–11 and 38–75.

White is suing for interference, discrimination, and retaliation under the FMLA and discrimination, retaliation, and hostile work environment under the ADA and the ACRA. Defendants are moving to dismiss.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads factual content that would allow a court to draw the reasonable inference that a defendant is liable

2

for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although detailed factual allegations are not required, threadbare recitals of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

### III. DISCUSSION

Defendants' motion to dismiss is granted in part and denied in part as provided in the introductory paragraph above.

A.  FMLA

Defendants' motion to dismiss is granted on White's FMLA interference argument that defendants exhibited animus toward her and treated her differently in order to discourage her from taking FMLA leave and constructively discharged her, and it is denied on her argument that defendants changed her schedule when she returned from FMLA leave. Defendant's motion to dismiss White's discrimination and retaliation claims is denied.

*1. Interference*

To state a FMLA interference claim, White must show that (1) she was an eligible employee; (2) the University was an employer under the FMLA; (3) she was entitled to FMLA leave; (4) she gave notice of her intent to take FMLA leave; and (5) the University denied her FMLA benefits to which she was entitled. *See Brandt v. City of Cedar Falls*, 37 F.4th 470, 478 (8th Cir. 2022).

3

The motion to dismiss White's claim that defendants interfered with her FMLA rights by changing her schedule when she returned from FMLA leave is denied. *See Dulinski v. N. Homes*, *Inc.*, No. 20-CV-2207 SRN-LIB, 2022 WL 3370944, at *15 (D. Minn. Aug. 16, 2022) (changes in work hours and location can constitute non-equivalent position); *Haskell v. CentraCare Health System Long Prairie*, 952 F. Supp. 2d 838, 845–46 (D. Minn. 2013) (changes in skill, effort, and responsibility required for job can make a position non-equivalent). Although defendants point out that White's job title, salary, insurance, retirement, and other terms of employment did not change is well taken, White has alleged enough to proceed. *Cooper v. Olin Corp., Winchester Div.*, 246 F.3d 1083, 1091–92 (8th Cir. 2001) (similar factors do "not necessarily constitute restoration to the same position").

Defendants' motion to dismiss White's FMLA interference claim based on constructive discharge is granted because this claim is more properly analyzed as a FMLA discrimination or retaliation claim. *See Stallings v. Hussman Corp.*, 447 F.3d 1041, 1051 (8th Cir. 2006) (finding plaintiff's claim was properly analyzed as retaliation, not interference, when she was granted her FMLA leave requests and discharge took place after her return).

White's remaining FMLA interference claims are dismissed because White received the FMLA leave she requested. *See Quinn v. St. Louis Cty.*, 653 F.3d 745, 753–754 (8th Cir. 2011) (employer must deny FMLA benefits for plaintiff to state an interference claim); *Boddicker v. Esurance Ins. Serv., Inc.*, No. 09-CV-4027-KES, 2011 WL 6374869, at *5 (D.S.D. Dec. 20, 2011) (interference claim failed when employer gave FMLA benefits).

## 2. Discrimination

Defendants' motion to dismiss White's FMLA discrimination claim is denied. To state a FMLA discrimination claim, White must allege that (1) she engaged in protected activity under the FMLA; (2) she suffered an adverse employment action; and (3) there was a causal connection between the two. *Thompson v. Kanabec Cty.*, 958 F.3d 698, 707 (8th Cir. 2020). White has stated a claim because she alleges that after taking FMLA leave, defendants altered her work schedule and responsibilities, denied her permission to engage in outside employment, engaged in a pattern of harassment and wrongful conduct, and constructively discharged her. *See* Compl. ¶¶ 9–11 and 14–35. Although defendants argue that FMLA discrimination claims do not exist, the Eighth Circuit disagrees. *See Pulczinski.*, 691 F.3d at 1005 (entitlement, retaliation, and discrimination are separate claims under FMLA); *Bosley v. Cargill Meat Solutions Corp.*, 705 F.3d 777, 780 (8th Cir. 2013) (distinguishing retaliation and discrimination claims)*; Collins v. City of Lowell, Arkansas*, No. 5:24-CV-5122, 2025 WL 1265865, at *5 (W.D. Ark. May 1, 2025) (citing *Boston v. TrialCard, Inc.*, 75 F.4th 861, 868 (8th Cir. 2023)) (Eighth Circuit has determined there are three types of FMLA claims: interference, retaliation, and discrimination.)*.*

## 3. Retaliation

Defendants' motion to dismiss White's FMLA retaliation claim is denied. To establish a *prima facie* case of retaliation under the FMLA, White must show that she (1) engaged in protected activity; (2) suffered an adverse employment action; (3) and a causal connection between the two. *Brandt v. City of Cedar Falls*, 37 F.4th 470, 480 (8th Cir.

2022). White alleges that, after she reported FMLA discrimination and retaliation to human resources, defendants altered her work schedule and job duties, engaged in a pattern of harassment and wrongful conduct, and constructively discharged her. Compl. ¶¶ 26–28 and 56. This is enough to survive a motion to dismiss.

B.   ADA

Defendants' motion to dismiss White's retaliation, discrimination, and hostile work environment claims under the ADA is denied.

*1. Retaliation*

Defendants' motion to dismiss White's ADA retaliation claim is denied. To state a claim for retaliation under the ADA, White must show that (1) she engaged in statutorily protected activity; (2) defendants took an adverse employment action against her; and (3) there was a causal connection between the two. *Hill v. Walker*, 737 F.3d 1209, 1218 (8th Cir. 2013). White alleges that after she was approved accommodations for her disability, defendants refused to grant her permission to engage in outside employment, and that after she later requested additional accommodations, defendants revoked her hybrid schedule and forced her to work consecutive nights in person. *See* Compl. ¶¶ 14–15 and 17–19. White also claims that defendants mocked her disabilities and repeatedly harassed and mistreated her when she requested accommodations and raised complaints about the alleged discrimination, ultimately leading to her constructive discharge. *Id.* ¶¶ 10–11, 20–34, and 56. This is sufficient to state a claim.

Although some of White's allegations are probably not likely to survive summary

judgment, she has alleged enough to overcome dismissal. *See Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 632 (8th Cir. 2016) (changes in job duties can constitute adverse employment action if plaintiff cannot perform responsibilities due to disability); *Horn v. United States Dep't of Health and Human Serv.*, 564 F. Supp. 3d 834, 849 (D.S.D. 2021) (indicating that denial of outside employment may constitute adverse employment action).

### 2. Discrimination

Defendants' motion to dismiss White's ADA discrimination claim is denied. To state a claim, White must show that (1) she has a disability under the ADA; (2) she is a qualified individual; and (3) she suffered an adverse employment action because of her disability. *See Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). White plausibly alleges that she is disabled, that she is qualified for the job with reasonable accommodations, and that defendants (1) changed her schedule and forced her to teach in person classes after she had submitted documentation from her doctor stating she should not stand for long periods of time; (2) denied her outside employment; (3) exhibited animus toward her; and (4) constructively discharged her because she was disabled. *See* Compl. ¶¶ 60–65. This is enough to state a claim.

Defendants' argument that White's allegation of constructive discharge is barred for failure to exhaust administrative remedies is denied because White alleges that she updated her information with the EEOC following her discharge. Accordingly, she sufficiently exhausted this claim. *Id.* ¶ 35; *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 853 (8th Cir. 2012) (dismissing constructive discharge claim for failure to exhaust when the EEOC

never considered whether the plaintiff had a claim or initiated any conciliation process with employer) (citations omitted); *Henson v. Union Pacfic R.R. Co.*, 3 F.4th 1075, 1082 (8th Cir. 2011) (dismissing constructive discharge claim when it could not conclude that investigation would have included plaintiff's constructive discharge claim).

### 3. Hostile Work Environment

Defendants' motion to dismiss White's ADA hostile work environment claim is denied. To plead a hostile work environment claim, White must allege that (1) she is a member of a protected group under the ADA; (2) she was subjected to harassment; (3) the harassment was based on White's protected status; and (4) the harassment affected a term, condition, or privilege of White's employment. *See Ryan v. Captial Contractors, Inc.*, 679 F.3d 772, 778 (8th Cir. 2012) (citing *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 720 (8th Cir. 2003)).

White plausibly alleges she is disabled and that defendants (1) mocked her; (2) sent her passive aggressive emails; (3) treated her differently because of her disabilities and accommodations; (4) targeted her for using certain writing utensils; (5) did not allow her to attend conferences or engage in outside employment; (6) intimated her; (7) berated her; (8) revoked her accommodations to teach a hybrid schedule; (9) required her to meet with the supervisor who was harassing her; (10) ignored her repeated complaints regarding ongoing harassment; (11) exhibited animus toward her, and (12) constructively discharged her because of her disability. *Id.* ¶ 10–11 and 69. This is enough to overcome dismissal.

D.   <u>ACRA</u>

ACRA discrimination, retaliation, and hostile work environment claims are analyzed similarly to ADA and Title VII claims. *See Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir. 2002) (discrimination); *Burkhart v. American Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010) (retaliation); *Christie v. Layton Construction Co., LLC*, 5:25-CV-5201, 2025 WL 2921845, at *5 (W.D. Ark. Oct. 14, 2025) (hostile work environment). Therefore, defendants' motion to dismiss White's discrimination, retaliation, and hostile work environment claims under the ACRA is denied.

### E. Requested Relief

Defendants' motion to dismiss White's request for emotional distress and punitive damages under the FMLA is granted. *See Rodgers v. City of Des Moines*, 435 F.3d 904, 909 (8th Cir. 2006) (emotional distress damages are not recoverable under the FMLA); *Hasenwinkel v. Mosaic*, 809 F.3d 427, 434 (8th Cir. 2015) (FMLA limits damages to actual monetary loss). Defendants' motion to dismiss White's request for injunctive relief is denied because that relief would be available if she succeeds on her constructive discharge claim.

### F. Dawn Reed

Defendants' motion to dismiss White's FMLA interference claim against Dawn Reed is granted because White fails to show a connection between Reed's actions and those supporting her interference claim.

## IV. CONCLUSION

For these reasons, defendants' motion to dismiss is granted in part and denied in part on White's FMLA interference claim, denied on White's FMLA discrimination and

retaliation claims, denied on White's ADA and ACRA discrimination, retaliation, and hostile work environment claims, granted on White's request for emotional distress and punitive damages claims under the FMLA, denied on White's request for injunctive relief, and granted on White's FMLA interference claim against Reed.

IT IS SO ORDERED this 9th day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE